# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS TECHNICAL INSTITUTE, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-04-3349 |
| | § | |
| SILICON VALLEY, INC., *et al.,* | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM AND ORDER</u>

Before the court is Lizzeth Rowan's motion to intervene as a plaintiff in this action under Federal Rule of Civil Procedure 24(b)(2).  This case has been referred to this magistrate judge for all pretrial matters.[1]  Rowan asserts her claim presents common questions of law.  Under Rule 24(b)(2), anyone, upon timely application, may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common."  FED. R. CIV. P. 24(b)(2).

Plaintiff Texas Technical Institute, Inc. does not oppose the motion to intervene, but the defendants do.  They contend that: (1) the motion is untimely; (2) the court lacks jurisdiction to hear Rowan's claim; and (3) there are no common questions of fact or law.

---

[1] *See* Dkt. 23.  A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).  *See United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267 n.1 (E.D. Mich. 1997) (citing cases).

Determining whether to grant permissive intervention is a two-stage process. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977).  The court must first determine, as a matter of law, whether a common question of fact or law exists. *Id.*  If this threshold requirement is met, the court must then exercise its discretion in deciding whether intervention should be allowed.  *Id.*; *see also Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (*per curiam*).  In exercising this discretion, the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b).  Whether to permit intervention pursuant to Rule 24(b) is "wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."  *Bush*, 740 F.2d at 359.

After examining Rowan's motion and intervening complaint and comparing it to the dispute between the original parties, the court concludes the common question threshold has not been met.  The dispute between the original parties concerns plaintiff Texas Technical Institute, Inc.'s purchase of the assets of a technical training school from Silicon Valley, Inc. in the Fall of 2003.  All of Texas Technical Institute's legal claims–breach of contract, fraud, negligent misrepresentation, and detrimental reliance–relate to this transaction.  *See* Dkt. 1, Ex. 3 (Pl.'s Am. Orig. Pet.).  Defendants Silicon Valley and Akber Mithani have filed a counterclaim and

2

third-party complaint against Texas Technical Institute and Suzanne VanCapelle (the owner of Texas Technical Institute) alleging they breached their obligations under the purchase agreement governing the sale of the school.  *See* Dkt. 6.

The would-be intervenor, Lizzeth Rowan, was a student at the Houston campus of the technical school during the time of transition from Silicon Valley to Texas Technical Institute.  *See* Dkt. 28, ¶ 7.  She alleges that she was induced to enroll in the Project Manager (SV Challenge) Career Certification course by a promise that if she completed the course in eight calendar-months, she would receive a full refund of her tuition.  *Id.*  Rowan contends this promise was also reflected in an Enrollment Agreement with Silicon Valley.  *Id.*  Because some of the classes required for completing the course were not offered within that period of time and/or were cancelled due to lack of enrollment, Rowan maintains it was not possible to complete the course within the eight months allotted.  *Id.* at ¶ 8.  Rowan therefore claims Silicon Valley violated section 132.061 of the Texas Education Code, the Texas Deceptive Trade Practices Consumer Protection Act, and also breached the contract as set forth in the Enrollment Agreement.  *Id.* at ¶ 10.

Rowan identifies no specific fact that the sale of the school has in common with the denial of her tuition refund; instead she claims a common question of law. In particular, Rowan notes that "both Mrs. Rowan and Texas Technical Institute,

claim that the Houston campus of Silicon Valley, Inc. was operated in violation of the Texas Education Code, and Texas Workforce Commission rules and regulations." Dkt. 27.

Both Texas Technical Institute and Rowan essentially claim breach of contract, but not the same contract. The two contracts have no relationship or connection to each other. The Asset Purchase Agreement governing the sale of the technical school and the Enrollment Agreement dealing with tuition refunds have no common factual or legal nexus. The dispute between the original litigants has no bearing on Rowan's claim. Indeed, Rowan does not allege any right or interest that is potentially affected by her absence from this litigation. *Cf. Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994) (noting that the purpose of intervention is to admit a non-party to the proceeding for the purpose of protecting some right or interest alleged by the intervenor to be affected by the proceeding). The intervention rule is intended to prevent multiple lawsuits where common questions of law or fact are involved, not to allow the creation of a whole new lawsuit by an intervenor. *Id.* Rowan's intervention would inject an entirely collateral lawsuit into this action.

Rowan's claims do not arise from, nor are they closely related to, the plaintiff's claims against the defendants, or the defendants' counterclaims against the plaintiff and third party defendant. *Cf. United Rentals, Inc. v. Maritrend, Inc.*, 2002 WL

4

230816, at *6 (E.D. La. 2002) (denying permissive intervention because intervenor claimed breach of an agreement separate from the agreement purportedly breached between the original parties); *Nationwide Money Servs., Inc. v. Convenient Cash Sys., L.L.C.*, 2002 WL 31455506, at *2-*3 (N.D. Tex. 2002) (denying leave to permissively intervene because the claims of the intervenor arose from a distinct contract).  None of the evidence pertaining to the claims of the original parties would overlap with the evidence concerning Rowan's claims.  Accordingly, Rowan is denied leave to intervene in this matter.[2]

Signed on August 19, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge

---

[2] In light of this holding, it is unnecessary to reach defendants' alternative argument that Rowan's putative claims fail to satisfy the $75,000.00 amount-in-controversy requirement for diversity jurisdiction.