# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TEXAS TECHNICAL INSTITUTE, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-04-3349 |
| | § | |
| SILICON VALLEY, INC., *et al.*, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Before the court is defendants Silicon Valley, Inc. and Akber Mithani's motion to compel discovery (Dkt. 30) from plaintiff Texas Technical Institute, Inc. and third-party defendant Suzanne VanCapelle (collectively "TTI") pursuant to Federal Rule of Civil Procedure 37(a)(2). In particular, the defendants seek an order compelling TTI to specifically identify and designate documents in a manner correlating to the defendants' enumerated document requests. The defendants add that they cannot adequately prepare for the depositions of TTI and TTI's expert witnesses without TTI organizing the documents for them.

The dispute centers around the disjunctive mandate of Federal Rule of Civil Procedure 34 requiring "[a] party who produces documents for inspection [to] produce them as they are kept in the usual course of business or [to] organize and label them to correspond with the categories in the request." FED. R. CIV. P. 34(b). TTI maintains it has satisfied its obligation under the rule by producing the

documents as they are kept in the usual course of business; Silicon Valley insists that TTI must segregate the documents to correspond with their numbered requests.

TTI has turned over approximately seventy pages of documents in response to the requests for production. In addition, TTI is further offering to make available to Silicon Valley for inspection and copying all documents in its possession, excepting those that are privileged. There are approximately ten thousand pages of documents in eight boxes. TTI argues that the bulk of the documents were generated by Silicon Valley before it sold the school to TTI; thus, the documents in question are actually Silicon Valley's own records with which they should be familiar.

Silicon Valley relies upon *Board of Ed. of Evanston Tp. High Sch. v. Admiral Heating and Ventilating, Inc.*, 104 F.R.D. 23, 36 n.20 (N.D. Ill. 1984), which declared that "the option afforded by Rule 34(b) no longer belongs exclusively to defendants." In that case the court placed the burden of segregating documents in accord with the requests for production on the defendants. *Id.* The court explained that "[i]n this case the burden to a stranger of rummaging through what may be massive job files to find the 'smoking gun,' coupled with the inculpatory nature of the documents covered by the request, justifies placing the burden on the discovered rather than the discovering party." *Id.* Silicon Valley could have also invoked *Montania v. Aetna Cas. & Sur. Co.*, 153 F.R.D. 620, 621 (N.D. Ill. 1994) ("Defendant should not be required to guess

2

which documents [of the 17,570 pages offered] relate to which request, especially since the requests were clear and specific").

To the extent that a guiding principle can be extracted from the fact-bound application of a discovery rule such as Rule 34(b), it is this: if there is some reason to believe that a party is "dumping" documents and deliberately mixing "critical documents with others in the hope of obscuring significance,"[1] especially where the requests for production are clear and specific, then the burden should be placed on the producing party to segregate responses correlating to the requests for production. Absent that, the court agrees with the majority of federal courts and other authorities that neither the letter nor the spirit of Rule 34(b) mandates that a discovering party is entitled to production in its preferred form. *See, e.g., Hagemeyer N. Am., Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (A party responding to a document request under Rule 34 has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business); *Northern Crossarm Co. v. Chemical Specialties, Inc.*, 2004 WL 635606, at *1 (W.D. Wis. 2004) ("neither the letter nor the spirit of Rule 34 mandates that a party is *entitled* to production in its preferred format) (emphasis in original); 8A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2213 (2d 1994) ("the producing

---

[1] FED. R. CIV. P. 34, 1980 advisory committee's note.

party should retain the right to choose between the production formats authorized by Rule 34(b)").

In this case, there is no convincing evidence that TTI's discovery responses have been deliberately obfuscatory. TTI has turned over approximately seventy pages of responsive materials and has offered almost unlimited access to any remaining documents the defendants wish to review. Most of these documents were apparently generated by Silicon Valley itself, so it does not go into the process as a stranger rummaging blindly through an unfamiliar morass as in the *Admiral Heating* case. Additionally, while Silicon Valley stresses that its requests for production are clear and specific, it is difficult to concur with this assessment. The requests are often framed in an undefined and open-ended manner asking TTI to produce all documents supporting its claims against Silicon Valley;[2] the requests do not typically reference specific items or documents.

For these reasons, Silicon Valley's motion is denied.

Signed on August 22, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge

---

[2] A typical request asks for "[a]ny and all documents that demonstrate, evidence, or otherwise support Plaintiff's allegations in paragraph ... of the Petition." Dkt. 31.